UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JUANITA COTTINGIM,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:14-cv-121

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB").  This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply memorandum (doc. 14), the administrative record (doc. 6),[2] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

### A. Procedural History

Plaintiff filed for DIB alleging a disability onset date of February 8, 2010. PageID 231-37. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, fibromyalgia, diabetes, osteoarthritis, pain, fatigue, and depression. PageID 275.

After initial denials of her application, Plaintiff received a hearing before ALJ Amelia G. Lombardo on August 29, 2012. PageID 119-41. The ALJ issued a written decision thereafter finding Plaintiff not disabled. PageID 95-112. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2015.

2. The claimant has not engaged in substantial gainful activity since February 8, 2010, the alleged onset date (20 CFR 404.1571, *et seq*).

3. The claimant has the following severe impairments: osteoarthritis in her bilateral shoulders, status-post right shoulder arthroscopic surgery, diabetes mellitus with mild peripheral neuropathy, obesity, fibromyalgia, carpal tunnel syndrome status-post release, depression, and anxiety (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work[3] as defined in 20 CFR 404.1567(b) except unskilled work as defined in the Dictionary of Occupational Titles (D.O.T.)[.] [S]he must

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

        work in a low-stress environment that is not fast-paced, with no assembly-line production quotas, with only occasional contact with the general public, coworkers and supervisors, only occasionally reaching overhead bilaterally, and doing frequent handling and fingering.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born [in] 1962 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 8, 2010, through the date of this decision (20 CFR 404.1520(g)).

PageID 100-12.

      Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 33-38. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In her decision, the ALJ summarized the relevant medical evidence in this case. PageID 104-11. Plaintiff, in her Statement of Errors, sets forth a detailed recitation of the record evidence. Doc. 10 at PageID 893-900. In her memorandum in opposition, the Commissioner states that "[t]he ALJ's decision and Plaintiff's brief adequately discuss the medical evidence." Doc. 12 at PageID 915. Except as otherwise noted in this Report and Recommendation, the undersigned incorporates Plaintiff's summary and the ALJ's recitation of the evidence.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the

Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled

under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff alleges that the ALJ erred by improperly: (1) assessing opinion evidence from treating physician Vinod Patwa, M.D.; state agency consultants; and counselor Kathleen Judy, LPCC; and (2) determining her credibility. Doc. 10 at PageID 901-10.

### A. Treating Source Opinions

Plaintiff first challenges the ALJ's assessment of Dr. Patwa's opinion. *Id.* at PageID 902-05. "[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id.* "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id.* "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d

399, 406 (6th Cir. 2009) (citations omitted).  Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]"  20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406.  An ALJ must give controlling weight to a treating source's opinion if the ALJ finds it well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion."  *Blakely*, 581 F.3d at 406-07.  "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Id*.  Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician."  *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c).  Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]"  *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

7

An ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 404.1527; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

In this case, Dr. Patwa concluded that Plaintiff has a number of extreme limitations resulting from her mental impairments. PageID 847-48. The ALJ gave Dr. Patwa's opinion:

> very little weight, because the doctor marked 'extreme' limitations in nearly every aspect of [Plaintiff's] ability to function mentally, the doctor's own treatment notes do not support this extremely limiting opinion, and because it is not supported by the other evidence of record. Additionally, this opinion conflicts with that of other treatment providers.

PageID 110. Initially, the Court finds that the ALJ erred by failing to mention or specifically analyze whether Dr. Patwa's opinion is entitled to controlling weight, *i.e.*, whether the opinion is "supported by medically acceptable clinical and laboratory diagnostic techniques" and whether the opinion is consistent "with the other substantial evidence in [the] case record.'" *LaRiccia*, 549 F. App'x at 385. Such failure amounts to error, *see Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *4 (S.D. Ohio Aug. 19, 2014), because the lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (citations omitted).

8

Even assuming, *arguendo*, that the ALJ adequately conducted the controlling weight test -- which the undersigned concludes she did not -- the undersigned further finds that the ALJ gave only conclusory reasons as to the ultimate weight accorded. Specifically, while the ALJ found Dr. Patwa's opinion inconsistent with his "own treatment notes"[4] and "not supported by the other evidence of record," the ALJ fails to cite to any specific treatment note or other part of the record in support of such conclusory contention. Such omission is error. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551–52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion" is accorded lesser weight).

Further, while the ALJ concluded that Dr. Patwa's opinion conflicted with the findings "of other treatment providers," the ALJ failed to specifically acknowledge that Dr. Patwa's opinion was -- at least partially -- consistent with the opinion of treating Licensed Professional Clinical Counselor Kathleen Judy.[5] *See* PageID 752-53 (noting extreme limitations in activities of daily living and maintaining social functioning). Further, the ALJ never noted that Dr. Patwa's opinion was also supported by the conclusion of record reviewing psychologist Dr. Leisgang. *See* PageID 573 (finding Plaintiff "markedly impaired" in her "mental ability to withstand the stress and pressure associated with day-to-day work activity").

---

[4] "[A]lleged internal inconsistencies between [a] doctor's opinions and portions of [that doctor's] reports . . . [is a] factor[] . . . properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376.

[5] In light of the undersigned's conclusion regarding the ALJ's analysis of Dr. Patwa's opinion, the Court need not reach the merits of Plaintiff's contention that the ALJ erred in analyzing Counselor Judy's opinion. Certainly, Counselor Judy is not an "acceptable medical source" whose opinion can establish whether a claimant has a "medically determinable impairment[;]" however, her opinion does qualify an "other source opinion" and may be used by an ALJ "to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work[.]" 20 C.F.R. §§ 404.1613(a) and (d); *see also Covucci v. Apfel*, 31 F. App'x 909, 913 (6th Cir. 2002); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007).

9

Based on all of the foregoing, the undersigned concludes that the ALJ failed to conduct a controlling weight analysis in analyzing Dr. Patwa's opinion and also failed to give good reasons for affording that opinion little weight. Accordingly, the undersigned recommends that the Commissioner's non-disability finding be reversed.

### B.   State Agency Consultant Opinions

The ALJ also failed to meaningfully explain the weight accorded to the opinions of state agency consultants Eli Perencevich, D.O.; Jennifer Swain, Psy.D.; Gerald Klyop, M.D., and Bonnie Katz, Ph.D.[6] "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical . . . consultant[.]" 20 C.F.R. § 404.1527(e)(2)(ii). Such explanation must be "meaningful." *Ott v. Comm'r of Soc. Sec.*, No. 1:08-CV-00399, 2009 WL 3199064, at *3 (S.D. Ohio Sept. 29, 2009).

In weighing opinions of non-treating sources, such as state agency consultants, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions. *Gayheart*, 710 F.3d at 379. "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require[]." *Id*. Simply restating the consultant's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence. *See* 20 C.F.R. § 404.1527(c); *see also Aytch*, 2014 WL 4080075, at *5-6 (citing *Chavez v. Astrue*, No. 12-cv-00627-LTB, 2012 WL 5250396, at *7 (D. Colo. Oct. 24, 2012) (finding the ALJ's

---

[6] Instead of relying on treating or examining medical source opinions, the ALJ relied on the opinions of Drs. Swain and Katz. PageID 108-09, 153-55, 172-74. The Court notes the opinions of Drs. Swain and Katz predate a significant portion of the treatment records, including records from counselor Judy (PageID 754-71, 813-40) and Dr. Patel (PageID 733-45, 859-80). In fact, the opinions of Drs. Swain and Katz predate Dr. Patel's opinion (PageID 845-48). Thus, Drs. Swain and Katz offered their opinions without having a complete picture of Plaintiff's mental health status.

explanation "lacking" where the ALJ merely "recapitulated" the reasons stated by the Medical Expert for disagreeing with the opinion of a treating physician and failed to "provide his reasons for according [the treating physician's] opinion the . . . weight he did").

Here, with regard to all of the state agency consultants, the ALJ merely recapitulated each source's opinion and gave each opinion "great weight" because: "the doctor thoroughly cited to specific examples to support [his/her] opinion" and "thoroughly reviewed [Plaintiff's] medical records." PageID 108-09. The undersigned finds such conclusory statements insufficient to meaningfully explain the weight accorded each of these opinions and, therefore, reversal is warranted.

### C. Credibility

In her final assignment of error, Plaintiff contends that the ALJ improperly found her less than fully credible. Doc. 10 at PageID 909-10. Finding remand warranted based upon the ALJ's failure to properly assess and weigh medical source and other source opinions, the undersigned makes no finding with regard to this alleged error. Instead, Plaintiff's credibility -- along with all medical source and other source opinions of record -- should be assessed anew on remand.

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely

involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming because there are a number of divergent medical source opinions in the record regarding Plaintiff's RFC. Accordingly, the undersigned concludes that remand for further proceedings is proper. Upon remand, the ALJ shall analyze all medical source and other source opinions of record, meaningfully explain the weight reasonably accorded to those opinions, evaluate Plaintiff's symptoms, and determine her credibility and disability status anew.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

**IT IS SO ORDERED**.

Date:  May 19, 2015            *s/ Michael J. Newman*
                               Michael J. Newman
                               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).